# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __CALIFORNIA__

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

One (1) Black Motorola Cellular Telephone with Photo Capabilities

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

Case Number: **'08 MJ 8220**

I, __JEFFREY BUTLER__ being duly sworn depose and say:

I am a(n) __Special Agent with Drug Enforcement Administration__ and have reason to believe
 _Official Title_

that ☐ on the person of or ☑ on the property or premises known as (name, description and/or location)

REFER TO ATTACHMENT A

in the __SOUTHERN__ District of __CALIFORNIA__

there is now concealed a certain person or property, namely (describe the person or property to be seized)

REFER TO ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

electronic data that constitutes evidence of a criminal offense, and electronic data which is and has been used as the means for committing a cirminal offense.

concerning a violation of Title __21__ United States code, Section(s) __841(a)(1), 846, 952, 960, 963__

The facts to support a finding of probable cause are as follows:

REFER TO ATTACHED AFFIDAVIT OF DEA SPECIAL AGENT BUTLER.

**FILED**
MAR 1 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Continued on the attached sheet and made a part hereof:   ☑ Yes  ☐ No

_Signature of Affiant_

Sworn to before me and subscribed in my presence,

__3-7-08 @ 12:42 p.m.__   at   __EL CENTRO__   __CALIFORNIA__
Date                                   City                      State

Peter C. Lewis                U.S. Magistrate Judge
Name of Judge                 Title of Judge               Signature of Judge

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

One black Motorola cellular telephone with photo capabilities, that was found in the possession of Miguel Martinez at the time of his arrest near Niland, California.



The cellular telephone to be searched is currently located at the DEA Imperial County District Office, Imperial, California.

## ATTACHMENT B

## ITEMS TO BE SEIZED

Any and all electronically stored information in said cellular phone, including:

a. telephone numbers of incoming/outgoing calls stored in the call registry

b. telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;

c. any incoming/outgoing text messages which evidences the relationship between the existence of a conspiracy to import, possess or sell controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963;

d. telephone subscriber information; and

e. any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular phone including photographs, e-mail, and voicemail which evidences the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963

**AFFIDAVIT**

**UNITED STATES OF AMERICA**          )
                                       )  SS
**SOUTHERN DISTRICT OF CALIFORNIA**    )

'08 MJ 82 20

I, Jeffrey Butler, being duly sworn, depose, and say:

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics investigation conducted by special agents of the United States Drug Enforcement Administration ("DEA") for the following target location: One black Motorola cellular telephone with photo capabilities.

2. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I believe the following items will be found in the cellular telephone to be searched further:

   a. telephone numbers of incoming/outgoing calls stored in the call registry;

   b. telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;

   c. any incoming/outgoing text messages;

   d. telephone subscriber information;

   e. any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular telephone including but not limited to e-mail, voicemail, and photos;

which evidences (1) the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963, (2) contraband, fruits of crime or things otherwise criminally possessed, and (3) property designed or intended for use or which is or has been used as a means of committing criminal offenses.

3. The information contained in this affidavit is based on my experience and training, consultation with other special agents of DEA, Supervisory and Patrol Agents of the United States Border Patrol, Special Agents with Immigration and Customs

Enforcement ("ICE"), and other federal agents and state law enforcement officers. The evidence and information contained herein was developed from interviews, documents, border crossing records available on the Treasury Enforcement Communication System ("TECS"), vehicle records from the California Department of Motor Vehicles ("DMV"), agency reports, and public records.

I

## EXPERIENCE AND TRAINING

4. I am a Special Agent with the Drug Enforcement Administration ("DEA"), and have been so employed for approximately three years. I am currently assigned to the Imperial County District Office. Prior to my current position as a Special Agent with the DEA, I was a police officer in the State of Oregon for approximately four years.

5. I have received training in all aspects of conducting narcotics investigations. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics and the collection of money proceeds of narcotics trafficking and methods of money laundering used to conceal the nature of the proceeds. I am familiar with, and have participated in, all of the normal methods of investigation including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of confidential sources and informants, the use of pen registers, the use of court authorized wire intercepts, and the use of undercover agents.

6. I have conducted investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well as investigations related to money laundering offenses involving the proceeds of specified unlawful activities and conspiracies associated with criminal narcotics, in violation of Title 21, United States Code, §§ 841(a)(1), 843(b), and 846, and Title 18, United States Code, 1956, 1957, and 371. Throughout my career as a Special Agent with DEA, I have conducted and

participated in investigations that have resulted in the seizure of multi-kilogram quantities of methamphetamine, cocaine, and marijuana, as well as the seizure of millions of dollars in narcotics proceeds.

## II

## DETAILS OF THE INVESTIGTION

7.     On January 2, 2008, Imperial County DEA Special Agent (SA) Barbara Hopkins received a call from a Source of Information (SOI) who stated that sometime within the last week, a relative was at the residence located at 1711 Lenrey, El Centro, California. Upon entering the residence, the relative of the SOI smelled a strong odor. While inside, the relative of the SOI observed a large amount of taped bundles in a bedroom of the residence. These taped bundles were stacked from the floor to almost the ceiling on two walls. This relative of the SOI was told that the packages contained marijuana. The SOI stated that the residence was white or tan in color and has a red front door. The SOI further stated that an individual named Danny Figueroa lived at the residence and believed a total of five males lived there.

8.     Special Agent Jeff Butler contacted Task Force Officer (TFO) Robert Sawyer, El Centro Police Department. SA Butler requested TFO Sawyer check the address history through his police department records. TFO Sawyer reported to SA Butler that an individual by the name of Scott Seay had an active warrant (warrant number 0174736, issued on June 14, 2007 for Possession of Narcotics and Failure to Appear, by the Imperial County Superior Court) for his arrest. According to the same information obtained by TFO Sawyer, officers from El Centro Police Department had multiple prior contacts with Seay at the address, 1711 Lenrey, El Centro, California.

9.     As a result of the information obtained regarding Seay and his outstanding warrant, at approximately 6:55PM on that same day, DEA agents accompanied by officers from the El Centro Police Department and Imperial County Sheriff's Office went to 1711 Lenrey, El Centro, California to attempt to locate and arrest

Seay. Upon arriving at the residence, agents and officers contacted two residents of the house, Ricardo FIGUEROA (R. FIGUEROA) and Maria CORONA (CORONA) after knocking on the door of 1711 Lenrey, El Centro, California. Officer Ramirez, El Centro Police Department, requested permission to enter the residence to look for an outstanding fugitive with known police contacts at the residence. R. FIGUEROA stated that his brother, Daniel FIGUEROA (D. FIGUEROA) lived at the residence and could give consent to Officer Ramirez to search the house. Officer Ramirez then contacted D. FIGUEROA by cell phone. During the conversation, D. FIGUEROA gave consent to Officer Ramirez to search the residence.

10.     Upon searching the residence, agents located approximately 3,833.79 pounds of marijuana in three of the four bedrooms. In the closet of the bedroom that contained personal property of CORONA and another occupant of the house, Horaldo FLORES, agents discovered approximately 25 bundles of marijuana. In the closet of the bedroom that contained personal property of both Christian GUTIERREZ (GUTIERREZ) and Adolfo TORRES (TORRES), agents discovered approximately 25 bundles of marijuana.

11.     After discovery of the marijuana, Officer Ramirez contacted D. FIGUEROA again by cell phone. During this conversation, Officer Ramirez told D. FIGUEROA that Officer Ramirez did not find the fugitive and then thanked D. FIGUEROA for his cooperation. R. FIGUEROA told the officers present at 1711 Lenrey, El Centro, California, that his brother, D. FIGUEROA, drove a tan Jeep Cherokee. Shortly there after, SA Butler observed a tan Jeep Cherokee drive slowly by the residence before leaving the area. SA Butler and Task Force Officer Robert Sawyer then saw this same Jeep Cherokee driving southbound on Imperial Ave. Officer Boston, El Centro Police Department, then stopped this Jeep Cherokee for violation of the California motor vehicle code. During the traffic stop, Officer Ramirez called the same cell phone number that he had previously spoken to D. FIGUEROA on. After doing so, a

cell phone began ringing in D. FIGUEROA's pants pocket. D. FIGUEROA admitted his identity and was arrested and later transported to the Imperial County DEA office. That same evening, D. FIGUEROA gave agents consent to remove personal property from the residence. During a post arrest interview of D. FIGUEROA by SA Butler later that evening, D. FIGUEROA told SA Butler that the individuals responsible for transporting the marijuana to the house used rental vehicles

12.	In addition to the marijuana located at the residence during the consent search, SA Butler found a traffic ticket issued by the California Highway Patrol in the master bedroom. This ticket was issued to D. FIGUEROA on December 14, 2007, on Interstate 8 west of Plaster City. The ticket listed the driver as D. FIGUEROA of a Toyota Sienna, California license 6AFB298, with the registered owner listed on the ticket of "Budget".

13.	On February 25, 2008, SA Hopkins obtained the name of the individual responsible for renting the Toyota Sienna driven by FIGUEROA on December 14, 2007 from Budget as Ruben RAMOS-Ortiz ("RAMOS"), DOB August 3, 1985.

14.	On that same date, SA Butler checked RAMOS for connections to other DEA cases and reviewed an arrest report written by SA James Hughes from May 14, 2007, near the Highway 111 US Border Patrol checkpoint of the arrest of Juan Carlos CASTILLO ("CASTILLO") and Miguel MARTINEZ ("MARTINEZ") transporting approximately 118.61 kilograms of marijuana. The vehicle driven by MARTINEZ and CASTILLO was a 2005 Honda Civic, California license 5YML154, registered to RAMOS.

15.	At the time of his arrest, MARTINEZ was in possession of two cellular telephones described as:

    a.	one black and silver Motorola cellular telephone with photo capabilities; and

    b.	one black Motorola cellular telephone with photo capabilities

5

16. At the time of his arrest, CASTILLO was in possession of two cellular telephones described as:

    a. one blue and black Motorola i860 cellular telephone with photo capabilities; and

    b. one silver Nokia 1110 cellular telephone without photo capabilities

17. These phones were seized by SA James Hughes on May 15, 2007 and then transported to the Imperial County DEA office where they remain.

### III

### BASIS FOR EVIDENCE SOUGHT IN SEARCH WARRANTS

18. I have spoken with numerous individuals who have been involved in the use, sale, manufacture, cultivation, transportation, and illegal distribution of controlled substances and, from doing so, I have learned techniques commonly used by those involved in the distribution, cultivation, manufacturing, packaging, and transportation of controlled substances. I have worked with cooperating sources of information and from them have learned the ways in which narcotic traffickers and clandestine laboratory operators conduct business.

19. Through my training and experience, and in consultation with other agents and informants, I have learned that:

    a. Members of drug trafficking and distribution organizations communicate via cellular telephones and store the names and telephone numbers of other people involved in drug trafficking and distribution activities in the memory of the cellular telephones. Individuals involved in drug trafficking often utilize multiple cellular telephones to conduct narcotics trafficking transactions and other illegal activity.

    b. Members of drug trafficking and distribution organizations often utilize cellular telephones with photo capabilities to take photographs and videos of other members of drug trafficking and distribution organizations, drugs, money and assets purchased with drug proceeds.

## IV

## **CONCLUSION**

20. Based on my training and experience, consultation with other special agents and law enforcement officers, and all of the facts and opinions set forth in this affidavit, I have probable cause to believe that narcotics offenses, including violations of 21 U.S.C. §§ 841(a)(1), 843(b), 846, have been committed and evidence of the crimes will be found in the cellular telephone described in Attachment A. I believe that names, nicknames, and/or telephone numbers of other co-conspirators involved in, and associated with, drug trafficking and distribution, as well as data describing the time, date, and duration of incoming and outgoing calls to the cellular phone.

21. Wherefore, your affiant respectfully requests a warrant be issued authorizing DEA Task Force Officers and Special Agents to examine, analyze, and make record of the contents of the information stored in the seized cellular telephone described in Attachment A.

This Affidavit is based on reports, documents, and notes furnished to Drug Enforcement Administration Special Agent Jeffrey Butler.

JEFFREY BUTLER
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
this _____ day of March, 2008.

PETER C. LEWIS
United States Magistrate Judge

7